JACOB H. PIERCE v. JOHN M. TATE, use, &c.

Where the jury who tried a case are "sworn well and truly to try the issue joined between the parties," the oath is held to be according to the usual practice in civil cases, and is sufficient.

It is not the practice in this State to swear the jury summoned for the week in each particular case; and it will be supposed that the oath required by the statute was administered to tales jurors, unless the record shows the contrary.

IN error from the circuit court of Noxubee county; Hon. John Watts, judge.

The opinion contains a statement of the case.

No counsel for appellant.

*T. J.* and *T. A. R. Wharton* for appellee.

The objection to the statement in the record in regard to the jury being sworn, we think, has no force. The language is, "who were sworn well and truly to try the issue joined between the parties, who upon their oaths do say," &c. What is implied in their being sworn? Is not this court bound to infer that the court below acted correctly, and that the jury was sworn according to law? 1 How. Miss. R. 24, 215; 5 Ala. 666; Ib. 72; 4 Ib. 263.

Mr. Justice FISHER delivered the opinion of the court.

It is insisted in this case that the jury were not sworn according to law, and that therefore the judgment ought to be reversed. The oath is, that the jury were "sworn well and truly to try the issue joined between the parties." This oath is according to the universal practice in civil cases, and we think sufficient.

The jurors on the regular venire are sworn for the week, and tales jurors for the day, and we must suppose that the oath required by the statute was administered, unless the contrary is conclusively shown by the record. It is not the practice in this State to swear the jury in each case submitted to them, but either for the week or day, as above stated.

Judgment affirmed.